124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MAGALLON, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Robert Gonzales, Defendnat-Appellant.
United States of America, Plaintiff-Appellee,
v.
Luis E. Estrada-Hernandez, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Gerardo Delgado-Garibay, Defendant-Appellnt.
 Nos. 95-10438, 96-10007, 95-10446, 95-10447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding.
 Before: HUG, Chief Judge; THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On May 5, 1997, we filed a memorandum disposition affirming the defendants' convictions. We also affirmed the district court's rulings on all but one of the sentencing issues raised by the defendants in this appeal. On that one sentencing issue, we filed ar opinion May 5, 1997 vacating the defendants' sentences. That opinion, however, was vacated by our order filed June 5, 1997. We vacated the opinion because another panel of this court had the same sentencing issue before it in United States v. Scrivnei, No. 95-30227, and had had that case under submission since September 16, 1996.
 
 
 3
 The Scrivner opinion was filed June 10, 1997. United States v. Scrivner, 114 F.3d 964 (9th Cir.1997). That opinion is dispositive of the one sentencing issue which was the subject of our earlier (now withdrawn) opinion. We now file this memorandum disposition and, consistent with Scrivner, we affirm the defendants' sentences.
 
 
 4
 With regard to the issue which was the subject of our earlier opinion, the defendants argue the district court committed plain error in sentencing them for a crime involving D-methamphetamine when the government introduced no evidence as to the type of methamphetamine involved. The defendants urge us to vacate their sentences and remand for resentencing using the formula for L-methamphetamine.
 
 
 5
 In Scrivner, the court held, on facts the same as the facts in this case pertaining to the defendants' sentences, that when there is no evidence in the record as to the type of methamphetamine involved, and the presentence report computes the defendants' sentences and the district court sentences the defendants on the basis of D-methamphetamine, if the defendants fail to object to the type of methamphetamine used to compute their sentences, the court commits no error in failing sua sponte to hold a hearing to determine the type of methamphetamine involved. Id. at 969-70.
 
 
 6
 In the present case there was no evidence before the trial or sentencing court as to the type of methamphetamine involved in the defendants' drug crime. The presentence report computed the defendants' sentences, and the district court sentenced them, on the basis that the type of methamphetamine was D-methamphetamine. No objection was made by any of the defendants. Scrivner controls this case. The district court did not commit plain error in sentencing the defendants on the basis that the methamphetamine involved was D-methamphetamine.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3